UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan R., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County, <br><br> Respondents. | No. 26-cv-252 (SRN/DTS) <br><br><br><br> ORDER |

David L. Wilson and Olivia Anderson-Petroske, Wilson Law Group, 3019 Minnehaha Ave., Minneapolis, MN 55406, for Petitioner

Ana Voss, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for United States' Respondents

David John Walker, Freeborn County Attorney's Office, Freeborn County Government Center, 411 S. Broadway Ave., Albert Lea, MN 56007, for Respondent Ryan Shea

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Juan R., who seeks immediate release from detention or, in the

1

alternative, an opportunity for a bond hearing pursuant to 8 U.S.C. § 1226(a).  Respondents oppose the Petition.  (Resp'ts' Opp'n [Doc. No. 4].)

The Court has taken the Petition under advisement on the papers.  For the reasons set forth below, the Petition is granted and the Court orders Juan R. to be released.

I.  BACKGROUND

Petitioner is a citizen of Mexico.  (Pet. ¶¶ 13, 29.)  He entered the United States without inspection in 2007.  (*Id.* ¶ 29.)  He had no contact with immigration authorities at the time of his entry.  (*Id.* ¶ 30.)  He has now been in the United States for nearly 19 years.  (*Id.* ¶ 31.)  Petitioner states that he has no criminal history that subjects him to mandatory detention under 8 U.S.C. § 1226(c).  (*Id.* ¶ 35.)

On December 31, 2025, Immigration and Customs Enforcement ("ICE") officers took Petitioner into custody.  (*Id.* ¶ 32.)  He is presently held in immigration detention in Albert Lea, Minnesota.  (*Id.* ¶ 36.)

Respondents contend that Petitioner is subject to mandatory detention under § 1225(b)(2) and is therefore not entitled to a bond hearing under 8 U.S.C. § 1226(a).  Their position is consistent with new interim guidance from the Department of Homeland Security ("DHS")/ICE, and a recent decision from the Board of Immigration Appeals ("BIA") finding that all persons who enter the United States without inspection, including those who have been residing here for some time, are "applicants for admission" under 8 U.S.C. § 1225(a), subject to mandatory detention, rather than discretionary detention under § 1226(a).  *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (noting interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

After his arrest, Petitioner filed the instant Petition, asserting that he is entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a), at which an immigration judge can assess whether he poses a flight risk or a danger to the community. (Pet. ¶¶ 1–7, 63–69.)

Respondents disagree. In their one-paragraph response, they invoke their prior positions, as set forth in *Avila v. Bondi*, No. 25-3248 (8th Cir. Nov. 10, 2025), currently pending before the Eighth Circuit Court of Appeals. (Resp'ts' Opp'n at 1.) It is their position that as a matter of statutory interpretation, Petitioner falls under the provisions of 8 U.S.C. § 1225, not § 1226, and therefore, is not entitled to a bond hearing or release. They concede that the instant Petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided.[1] (*Id.*)

---

[1] Respondents do not challenge subject matter jurisdiction or administrative exhaustion. Nevertheless, the Court briefly addresses these issues. As to jurisdiction, the Court finds that none of the jurisdiction-stripping provisions of 8 U.S.C. § 1252 apply to the question of whether mandatory detention under § 1225(b)(2) or discretionary detention under § 1226(a) applies. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025).

As to exhaustion, requiring administrative exhaustion would be futile in light of *Hurtado*. *See Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *5 (W.D.N.Y. Nov. 4. 2025) (finding exhaustion of remedies would be futile, even if petitioner had not exhausted his remedies). Immigration judges would be obliged to follow *Hurtado*'s ruling on the scope of § 1225(b)(2)(A).

## II.  DISCUSSION

While the parties dispute whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the INA applies to a noncitizen who is already residing in the United States, there is no dispute that Petitioner was arrested while already residing in the United States.

This Court has previously found, along with the Seventh Circuit Court of Appeals—the only circuit court to have addressed the issue—and the vast majority of district courts throughout the country, that the applicable detention scheme for noncitizens already residing in the country is under § 1226(a), absent any exceptions under § 1226(c). *Maldonado v. Olson*, 795 F. Supp. 3d 1134 (D. Minn. 2025), *E.M. v. Noem*, No. 25-cv-3975 (SRN/DTS), 2025 WL 3157839 (D. Minn. Nov. 12, 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *see also Demirel v. Fed. Detention Ctr.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (collecting cases); *Reyes v. Raycraft*, No. 25-12546, 2025 WL 2609425, at *6–7 (E. D. Mich. Sept. 9, 2024) (collecting cases); *Yulexi T. v. Noem*, No. 26-cv-68 (ECT/DTS), 2026 WL 77022, at *2 (D. Minn. Jan. 10, 2026); *Kelvin N. v. Bondi*, No. 26-CV-32 (JMB/JFD), 2026 WL 63423, at *2–3 (D. Minn. Jan. 8, 2026); *Iishaar-Abdi v. Klang*, No. 25-CV-4686 (JRT/DTS), 2025 WL 3764853, at *1 (D. Minn. Dec. 30, 2025); *Awaale v. Noem*, No. 25-cv-4551 (MJD/JFD), 2025 WL 3754012, at *1 (D. Minn. Dec. 29, 2025); *Hugo v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025); *Lionel V.F. v. Bondi*, No. 25-cv-4474 (PJS/LIB), 2025 WL 3485600, at *1 (D. Minn. Dec. 4, 2025). By contrast, § 1225(b)(2) applies to noncitizens at or near the border. *Ortiz v. Freden*, --- F. Supp. 3d ---, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y.

Nov. 4. 2025). Respondents do not assert that any of the exceptions under § 1226(c) apply. The Court remains unpersuaded by Respondents' statutory interpretation of §§ 1225(b)(2)(A), but notes that Respondents' arguments are preserved for appeal.

Having determined that § 1225(b) is inapplicable to Petitioner, who would otherwise fall under § 1226(a), the Court turns to the appropriate remedy. Section 1226(a) provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). The statute requires the issuance of a warrant as a precursor to detention under § 1226(a). *Ahmed M. v. Bondi*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla*, 2025 WL 2688541, at *11 (emphasis in original).

Petitioner alleges that he was arrested and detained without a warrant and he requests immediate release. (Pet., Prayer for Relief ¶ 5.) Respondents have not produced a warrant, nor any other documentation supporting Petitioner's detention. Section 1226(a) requires, in the first instance, that Petitioner's arrest and detention are authorized by the issuance of a warrant. 8 U.S.C. § 1226(a); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025). Again, Respondents have failed to produce, much less address,

5

§ 1226(a)'s warrant requirement here. Petitioner's arrest and detention are therefore unauthorized.

As other judges in this District have found, the appropriate remedy for detention that lacks a proper statutory basis under § 1226(a) is release. *Ahmed M.*, 2026 WL 25627, at *3 (finding release the appropriate remedy where Respondents did not produce a warrant); *Juan S.R. v. Bondi*, No. 26-cv-0005 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Doc. No. 8 at 3–4] (following the reasoning of *Ahmed M.* and ordering immediate release where Respondents failed to present evidence of a warrant); *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6] ("[A] bond hearing presupposes lawful detention authority under § 1226. Where that authority has not been invoked or established, ordering a bond hearing would treat the absence of statutory power as a mere procedural irregularity rather than a substantive defect."). "Habeas relief . . . addresses the lawfulness of custody itself," and "[f]or detention that lacks a lawful predicate, release is an available and appropriate remedy." *Vedat C.*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025) [Doc. No. 9] at 6]. Accordingly, Respondents shall release Petitioner from custody.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Juan R.'s Petition for a Writ of Habeas Corpus [Doc. No. 1] is **GRANTED**.

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within 48 hours.

3. Respondents shall confirm Petitioner's release within 48 hours from the date of this Order.

4. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

Dated: January 16, 2026                                 s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge